# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                                        **Civ. No. 16-1161**

2011 JEEP GRAND CHEROKEE
VIN:1J4RS4GG0BC507388,

    *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    a. 2011 Jeep Grand Cherokee VIN:1J4RS4GG0BC507388. (hereafter referred to as "Defendant Conveyance").

3. The Defendant Conveyance was seized by the Homeland Security Investigation (HSI) on May 19, 2016, in the District of New Mexico.

4. The Defendant Conveyance is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Conveyance will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On May 19, 2016, Officer Ruben Aggirre with the New Mexico State Police (NMSP) contacted HSI and advised he had conducted a traffic stop near milepost 136 on Interstate 40 of a black Jeep displaying a California registration plate.

8. Officer Aggirre approached the vehicle on the passenger side and spoke with the driver, later identified as Mario Osorio-Espinoza. Officer Aggirre identified himself and explained to the driver of the vehicle that he had stopped him for following too closely. The officer asked Osorio-Espinoza for his driver's license, registration, and insurance for the vehicle. While at the passenger window Officer Aggirre smelled an overwhelming odor of an unknown fragrance emitting from the interior of the vehicle.

9. Officer Aggirre asked Osorio-Espinoza to exit the vehicle and follow the officer to the patrol vehicle. Osorio-Espinoza was asked to stand by the front passenger side tire. The officer began to write the citation and asked Osorio-Espinoza if the address on his driver's license was current. Osorio Espinoza said no and provided the officer with his current address. The officer requested and received verbal consent to speak with Osorio Espinoza about traveling

from Los Angeles, California to Lubbock, Texas. The officer asked what he intended to do in Texas. Osorio-Espinoza said he was a musician and was to play at a "Fiesta" in Lubbuck. Osorio Espinoza advised he still works in California. On Saturday he will play music at a "Fiesta" and they would be in Lubbock one day and return to work on Monday. The officer asked who he was traveling with. Osorio-Espinoza replied with his Tio, Victor Langarica. The officer asked who did the car belong to. Osorio-Espinoza advised that he owned the car.

10. Officer Aggirre walked up to the front of the Jeep to verify the VIN and spoke with the passenger about his travel. The passenger said they were going to "Cubec". The officer asked him where that was and he replied just after Albuquerque. The officer asked him if it was in Texas or in New Mexico and he said Texas. He said they were going to play music today and tomorrow. The officer asked who did the car belonged to and he said it was his.

11. The officer explained the citation for following too closely and gave to Osorio-Espinoza the option to go to court or pay the penalty assessment for the violation. He agreed to pay the penalty. The officer handed Osorio-Espinoza the citation, along with his driver's license and advised him he was free to go. He turned around and walked back to his vehicle.

12. The officer called out to Osorio Espinoza, which he turned around and walked back. The officer requested and received written consent from Osorio-Espinoza to search his property and his vehicle.

13. The officer asked the passenger, identified as Victor Hugo Langarica-Salazar, if he was responsible for everything in the vehicle and he responded no. The officer requested and received written consent from Mr. Victor Hugo Langarica-Salazar to search his property and his vehicle.

14. Osorio-Espinoza and Langarica-Salazar were patted down for weapons, none were found. The officer directed them to stand on the right side shoulder for their safety and advised them to wave their hands at the officer if they had any questions. During the search, the officer found packages concealed in the black speaker box in the rear of the vehicle. The officer cut open a package and observed a crystal like substance that appeared to be crystal methamphetamine.

15. Sixty-one packages were removed from the speaker box. They contained approximately sixty-five (65) pounds of methamphetamine.

## First Claim For Relief

16. The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth.

17. Title 18, United States Code, Section 881(a)(4) subjects to forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property in violation of this subchapter."

18. Defendant Conveyance was used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substance and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).
to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE: Plaintiff seeks arrest of Defendant Conveyance and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Conveyance, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*[signature]*

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 10/19/16

Alfred J. Allen, Special Agent
Department of Homeland Security, Homeland
Security Investigations